**DE GONG CHEN, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

**No. 06–5450–ag.**

United States Court of Appeals,
Second Circuit.

Aug. 24, 2007.

Michael Brown, New York, NY, for Petitioners.

Bradley J. Schlozman, United States Attorney, Cynthia J. Hyde, Assistant United States Attorney, Springfield, MO, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

De Gong Chen, a native and citizen of the People's Republic of China, seeks review of a November 15, 2006, order of the BIA affirming the May 27, 2005, decision of Immigration Judge ("IJ") Adam Opaciuch denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re De Gong Chen,* No. A95 479 219 (B.I.A. Nov. 15, 2006), *aff'g* No. A95 479 219 (Immig. Ct. N.Y. City May 27, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

 As an initial matter, Chen failed to challenge the IJ's denial of his illegal departure claim before this Court. Because issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice, we deem that claim abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005). Moreover, we lack jurisdiction to reassess the agency's determination that Chen failed to demonstrate that he filed his asylum application within one year of his entry to the United States. *See* 8 U.S.C. § 1158(a)(3). While we maintain jurisdiction to review a petitioner's "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), Chen has presented no such argument. Accordingly, the petition for review is dismissed with respect to the denial of Chen's application for asylum.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

 The IJ's finding that Chen was not credible is supported by substantial evidence. The IJ properly based his conclusion on Chen's claim that he sought medical treatment because of a car accident on May 27, 2001, the same day that his wife was allegedly forced to submit to an abortion. The IJ found that Chen's testimony regarding the sequence of events of that day was "very vague" and "very inconsistent." Indeed, Chen testified that his wife left the house at around 8 am to respond to a gynecological checkup notice. He claimed that he did not leave his house

until 3 pm, when he went to the hospital. The IJ properly found that, on cross-examination, Chen did not testify to leaving his home and rushing to the Family Planning Office until he was confronted with this gap in his testimony. When thus confronted, he testified, contrary to his earlier testimony that he did not leave the house until 3 pm, that he had rushed to the family planning office at 9 am, and that he was detained for about three or four hours. The IJ further found implausible Chen's testimony that he went to the hospital because he was feeling ill from a car accident which occurred in the morning, and made no mention of the beating that he allegedly suffered at the hands of family planning officials as a reason for seeking treatment. The IJ also properly noted that Chen's failure to mention his visit to the hospital at his asylum interview or at his hearing before the previous IJ was a significant fact.

These inconsistencies go to the heart of Chen's claims, as they call into doubt whether the events that Chen alleged on May 27, 2001, in fact occurred at all. *Cf. Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003) (finding that inconsistencies that do not involve the heart of the asylum claim are not an adequate basis for an adverse credibility determination). Moreover, even if these discrepancies, taken individually, concern matters that are collateral to Chen's claim, the IJ could properly rely on their cumulative effect to support the adverse credibility determination. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006).

█ Because the adverse credibility determination in this case is supported by substantial evidence, the IJ's denial of withholding of removal is affirmed. Moreover, because Chen's CAT claim based on his violation of the family planning policy depended upon his credibility, the adverse credibility determination in this case nec-essarily precludes his success on that claim for CAT relief. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.